UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| CHRISTOPHER L. FLORENCE, | ) |
| Petitioner, | ) Civil Action No. 07-cv-380-JMH |
| v. | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| JOSEPH P. MEKO, Warden, | ) |
| Respondent. | ) |

\*\*   \*\*   \*\*   \*\*   \*\*

Petitioner has filed a motion for certificate of appealability ("COA") and a notice of appeal. The filing of a notice of appeal requires this Court to determine whether a COA should issue. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). A certificate may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner must show that reasonable jurists could find in his favor, and the "question is the debatability of the underlying federal constitutional claim, not the resolution of that debate." *Miller-El v. Cockrell*, 537 U.S. 322, 342 (2003); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). A district court cannot issue a blanket denial of a COA but must consider issues individually. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001).

This Court adopted the Magistrate Judge's Report and Recommendation finding that Petitioner was not entitled to a writ of habeas corpus. Petitioner had claimed that he was entitled to

a *Daubert* hearing, that he received ineffective assistance of counsel due to his attorney's failure to object to certain testimony, and that there was insufficient evidence on which to convict him of Theft By Deception Over $300.

The denial of a *Daubert* hearing was not contrary to, nor did it involve an unreasonable application of, clearly established Federal law. *See* 28 U.S.C. § 2254(d)(1). Petitioner would have been entitled to a *Daubert* hearing if he had sought to challenge the Commonwealth's expert testimony with opposing testimony from his own expert. The Kentucky Supreme Court has held that a *Daubert* hearing is not required prior to the admission of handwriting analysis expert testimony, but the trial court is required to hold the hearing if the opposing party has evidence to present in opposition. *Florence v. Commonwealth*, 120 S.W.3d 699 (Ky. 2003). No reasonable jurist could find that the failure to grant a *Daubert* hearing violated Petitioner's constitutional rights because he did not proffer any evidence in opposition to the testimony from the Commonwealth's expert. Therefore the certificate of appealability will not issue as to this claim.

Petitioner's claim of ineffective assistance of counsel requires that Petitioner show both that his attorney's performance was deficient and that the deficient performance rendered the trial unfair. *See Strickland v. Washington*, 466 U.S. 668, 688 (1984). Federal court scrutiny of counsel's performance in state court is

2

highly deferential and Petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *See id.* at 689.  In this case, there was substantial evidence admitted at trial to convict Petitioner of theft by deception.  No reasonable jurist could find that the failure to object to testimony that handwriting analysis is more precise than DNA testing constituted ineffective assistance of counsel.  Other critical evidence in this case included the identification card admitted at trial bearing the name "William Cully Vance" but the photograph of Petitioner and Petitioner presentment of this card when cashing checks made out to Vance. Furthermore, Petitioner's conduct was other evidence.  He opened a checking account with $50, later deposited a check payable to William Cully Vance in the amount of $3,740, and proceeded to overdraft this account by $688.  As there was no underlying constitutional problem caused by the handwriting testimony, no reasonable jurist could find that the failure to object on that basis constitutes ineffective assistance of counsel under the *Strickland* test.  Therefore the certificate of appealability will not issue as to the ineffective assistance of counsel grounds.

Finally, no reasonable jurist could find that Petitioner's claim of insufficient evidence upon which to convict should not fail.  Petitioner argued that the Commonwealth's failure to prove he knew certain checks would not be honored meant that there was no

3

proof he intended to deceive Whitaker Bank. However, there is ample proof identifying Petitioner as the person cashing checks and the person pictured in the identification card bearing the name "William Cully Vance." Other proof established Petitioner did not make any further deposits. In sum, there is ample proof upon which Petitioner was convicted for Theft by Deception and Petitioner has not shown that a reasonable jurist would find this Court's denial of his petition debatable based on this issue.

Petitioner failed to demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

Accordingly, **IT IS ORDERED**:

That Petitioner's motion for a certificate of appealability [Record No. 17] be, and the same hereby is, **DENIED**.

This the 22nd day of October, 2008.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

4